# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# Civil Action No. 4:24-cv-85

| | |
|---|---|
| SANDRE ENNIS, *on behalf of himself and all others similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  **CLASS ACTION**<br>)  **COMPLAINT** |
| ASBURY AUTOMOTIVE GROUP, INC., CROWN FDO L.L.C., ASBURY AUTOMOTIVE NORTH CAROLINA DEALERSHIP HOLDINGS L.L.C., RP CGR FVL D, LLC, CGR FVL D, LLC, COUGAR CDJR HOLDCO, LLC, and RANELLA CONSULTING, INC. f/k/a HUDSON AUTOMOTIVE GROUP, INC. | )<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Plaintiff Sandre Ennis ("Plaintiff" or "Ms. Ennis") brings this Class Action Complaint and Demand for Jury Trial against Defendants Asbury Automotive Group, Inc., Crown FDO L.L.C., Asbury Automotive North Carolina Dealership Holdings L.L.C., RP CGR FVL D, LLC, CGR FVL D, LLC, Cougar CDJR Holdco, LLC, and Ranella Consulting Inc., (collectively "Defendants") and alleges as follows:

1. Telemarketing calls and messages are intrusive. A great many people object to these communications, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes

1

from telemarketers' id. § 2(6) and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

2. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendants violated the TCPA by making telemarketing calls in the form of text messages to Plaintiff and other putative class members listed after they had previously requested to no longer receive such communications.

## PARTIES

3. Plaintiff is an individual, who at all relevant times, has been a citizen and resident of North Carolina.

4. Defendant Asbury Automotive Group, Inc. is a North Carolina Business Corporation with its principal place of business in Duluth, Georgia.

5. Defendant Crown FDO L.L.C. is a North Carolina Limited Liability Company, with its principal place of business in Duluth, Georgia.

6. Defendant Asbury Automotive North Carolina Dealership Holdings L.L.C. is a North Carolina Limited Liability Company with its principal place of business in Duluth, Georgia.

7. Defendant RP CGR FVL D, LLC is a North Carolina Limited Liability Company with its principal place of business in Charleston, South Carolina.

8. Defendant CGR FVL D, LLC is a North Carolina Limited Liability Company with its principal place of business in Charleston, South Carolina.

9. Defendant Cougar CDJR Holdco, LLC is a North Carolina Holding Company with its headquarters in Charleston, South Carolina.

10. Defendant Ranella Consulting, Inc., formerly known as Hudson Automotive Group, Inc. is a North Carolina Business Corporation with its principal place of business in Charleston, South Carolina.

11. Upon information and belief, all Defendants are part of a singular business enterprise operating as Fayetteville Dodge Ram.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

13. This Court has general personal jurisdiction over Defendants because they regularly do business in this District.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent from this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

15. FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

16. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

17. To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

18. One of them is maintaining an internal do not call list. *Id*. at § (d)(6).

19. Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2).

20. And still another is recording do not call requests and complying with them. *Id*. at § (d)(3).

21. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

## **FACTUAL ALLEGATIONS**

22. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23. Plaintiff's telephone number, (910) 736-XXXX, is a residential, non-commercial telephone number not associated with any business.

24. Plaintiff uses the number for personal, residential, and household reasons.

25. On or about February 24, 2024, Plaintiff visited the "Fayetteville Dodge Ram" car dealership located at 436 N McPherson Church Rd, Fayetteville, NC 28303, owned and operated by Crown FDO L.L.C., Ranella Consulting, Inc., Asbury Automotive North Carolina Dealership Holdings L.L.C., Cougar CDJR Holdco, LLC, Asbury Automotive Group, Inc., CGR FVL D, LLC, and RP CGR FVL D, LLC (the "Dealership"), with intent to lease a vehicle.

26. On or about March 2, 2024, Plaintiff returned to the dealership and was told that the bank did not approve her transaction and he had to return the vehicle.

27. Defendants send text messages promoting their vehicle sales.

4

28. Starting on March 13, 2024, Plaintiff began receiving text messages, and ended up receiving text messages on at least March 19, March 29, April 10, April 13, and April 22, 2024.

29. In response to the March 13, March 19, April 10, and April 22, 2024, text messages he replied telling them to stop.

30. Yet he still received the subsequent messages.

31. An image of the text messages are below:



5







32. Plaintiff and the Class have been harmed by the acts of Defendants because their privacy has been violated and they were harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

33. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Internal DNC Class:** All persons in the United States whose (1) previously requested that their telephone numbers no longer be called at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendants' goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

35. **Numerosity:** The exact number of Class members is unknown but based on the *en masse* nature of telemarketing it is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records, or those of their agents.

36. **Typicality:** Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendants' telemarketing calls and Class members sustained similar injuries as a result of Defendants' uniform illegal conduct.

37. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to

9

Case 5:24-cv-00377-BO-RJ    Document 1    Filed 06/14/24    Page 9 of 12

vigorously prosecute this Action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendants have no defenses unique to Plaintiff.

38. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

   a. Whether Defendants should be held liable for violations on their behalf;

   b. Whether Defendants sent text messages after individuals had requested to no longer receive such messages; and,

   c. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

39. **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single form simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

40. In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

   a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendants have acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and,

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

41. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

42. Defendants placed numerous calls for telemarketing purposes to Plaintiff's and Internal DNC Class Members' telephone numbers.

43. Defendants did so despite not having a written policy pertaining to "do not call" requests.

44. Defendants did so despite not training their personnel on the existence or use of any internal "do not call" list.

45. Defendants did so despite not recording or honoring "do not call" requests.

46. Defendants placed two or more telephone calls to Plaintiffs and Internal DNC Class members in a 12-month period.

47. Plaintiff and Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and Internal DNC Class Members are entitled to an award of treble damages in amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Internal DNC Class, respectfully request that the Court enter judgement against Defendants for:

A. Certification of the Internal DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Internal DNC Class pursuant to 47 U.S.C. § 227(c)(5); and,

E. Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Respectfully submitted this the 14th day of June, 2024.

**MAGINNIS HOWARD**

BY: */s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No.: 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Telephone: 919-526-0450
Fax: 919-882-8763
kgwatlney@carolinalaw.com